BENJAMIN BEQUETTE, Respondent, *v.* THE PEOPLES' TRANS-
PORTATION COMPANY, Appellant.

*Appeal from Marion County.*

The absence of care on the part of the plaintiff, contributing to the injury, but not amounting to a want of ordinary care, will not excuse gross negligence in the defendant.

᠈ THIS action was brought in the Circuit Court for Marion county, to recover the value of a flat boat and skiff, which plaintiff alleged had been destroyed while lying at the bank of the Willamette river at Fairfield, through the carlessness of defendant's agent in the management of its steamer, the Fannie Patton.

In answering, the defendant denied the allegation of negligence, and averred negligence on the part of plaintiff as the. cause of injury. The replication denied this averment of negligence. Defendant's counsel asked the court below to give the following instructions to the jury: 1st. "That unless they find from the evidence that the plaintiff was free from any negligence, without which the injury alleged in plaintiff's complaint would not have happened, the greatest negligence on the part of defendant will not entitle plaintiff to recover." 2d. "That the least negligence on the part of the plaintiff contributing to the injury is a bar to the recovery by plaintiff, and entitles defendant to a verdict of no cause of action.

These instructions the court refused, but instructed the jury "that some negligence on the part of plaintiff in fastening his boats in an exposed position would not excuse gross negligence of defendant in running into and destroying the same." Defendant appealed from judgment for error by the court.

*Shaw & Holman,* for appellant, as to both points, cites: *Wiles* v. *Hudson, R. R.,* 24 *N. Y.,* 430; *Haley* v. *Earle,*

Bequette v. The Peoples' Transportation Co.

30 *N. Y.*, 208; *Wiles* v. *Hudson R. R.*, 29 *N. Y.*, 315; *Ernst* v. *Hudson R. R.*, 24 *How. P. R.*, 97; *Sedgwick on Dam.*, 493, 468; *Catawissa R. R. Co.* v. *Armstrong*, 49 *Penn.*, 186; *Wright* v. *M. & M. R. R. Co.*, 4 *Allen*, 283; *Timmons* v. *Central O. R. R. Co.*, 6 *Ohio*, 105, and other cases.

*Williams & Knight*, for respondent, cite as to first point: *Kerwhacker* v. *C. C. & C. R. R. Co.*, 3 *Ohio*, 172; *Birge* v. *Gardner*, 19 *Conn*, 507; *Beers* v. *Housatonic R. R. Co.*, 19 *Conn.*, 566.  As to second point: *Fero* v. *Buffalo & S. L. R. R.*, 22 *N. Y.*, 209; *Cook* v. *Cham. Tr. Co.*, 1 *Denio*, 91; 4 *Abb. N. Y. Dig.*, 118; *Carroll* v. *N. Y. & N. H. R. R. Co.*, 1 *Duer*, 571; 3 *Ohio*, 172.

SKINNER, J.  The question involved in this case has been thoroughly and ably discussed by counsel, and numerous authorities cited.  After carefully collating and examining all those cases, we are of opinion that the court below did not err in refusing the instructions asked by defendant's counsel, or in giving those above set out.

All persons using a public highway are bound to use ordinary care to avoid injury to the persons or property of others.

The position, that the least negligence on the part of the plaintiff would excuse the grossest carelessness on the part of the defendant, is not sustained by the weight of authority is in violation of our sense of justice, and would be prejudicial to the interests of community.

Judgment affirmed.