GEORGE HOLSTINE, RESPONDENT, v. THE OREGON AND CALIFORNIA RAILROAD COMPANY, APPELLANT.

EVIDENCE—VALUE OF PROPERTY, PURCHASE PRICE NOT MATERIAL.—In an action to recover the value of horses killed by a railroad, the plaintiff, testifying as to the value of the horses, stated on cross-examination that he bought and paid for them in sheep at a stated price. The defendant then asked where he got the sheep, how much he paid for them, and whether they had been sheared: *Held*, that such questions were irrelevant.

SLIGHT NEGLIGENCE will not prevent a recovery, if the negligence complained of has been gross.

APPEAL from Clackamas County. The facts are stated in the opinion.

*Dolph, Bronaugh, Dolph & Simon,* for appellants:

The court erred in instructing the jury as follows: "If the company was guilty of gross negligence, and the plaintiff was guilty of slight negligence, or if the agents of the company were willfully or intentionally negligent, then the plaintiff is entitled to recover, notwithstanding his own negligence."

The rule upon this subject is thus stated in Sherman & Redfield on Negligence: "It has been held, in some cases, that the plaintiff's slight or ordinary negligence is no defense where the defendant has been guilty of gross negligence. But this exception to the rule was in part founded upon the idea that gross negligence was equivalent to fraud or malice, which we have already shown to be contrary to both principle and authority. And it is now generally held in the most important courts of America, that the degree of the defendant's negligence is immaterial in determining questions of contributing negligence."

It is contended that this court, in *Bequet* v. *The People's Trans. Co.* (2 Or. 200), adopted a different rule. We are free to confess that we think the decision in that case erroneous; and if a distinction does not exist between " the least negligence," which is the language used in the instruction asked, and in the opinion of the court in that case—and " slight negligence," which is the term used by the court in the instruction given in the case at bar—we ask the court to adopt the rule upon this subject which prevails in all but two of the states of the Union, notwithstanding the case of *Bequet* v. *The People's Trans. Co.* In fact, this court has already, as it appears to us in the subsequent cases of *Stone* v. *The Oregon City Manufacturing Co.*, 4 Or. 52, and *Cogswell* v. *The Railroad Co.*, 6 Id. 417, followed the rule as above quoted from Sherman and Redfield.

The court erred in refusing to instruct the jury, as requested by the defendant, that certain facts, if found by the jury from the testimony to exist, constituted negligence which would preclude the plaintiff from recovering. The general rule on this subject is briefly stated thus in Sherman and Redfield upon Negligence (sec. 1.): "The question whether a party has been negligent in a particular case is one of mingled law and fact. It involves, indeed, two questions—(1) Whether a particular act has been performed or omitted; and (2) Whether the performance or omission of this act was a breach of legal duty. The first of these is a pure question of fact, the second a pure question of law."

Of course to this rule, as to all general rules, some modification exists; but we insist that in this case it was the duty of the court to determine whether if the facts stated in the instruction asked were found to exist, they constituted negligence; and if a jury whose sympathies are all with the plaintiff, are told that if the plaintiff is guilty of slight negligence and the defendant of gross negligence, the plaintiff can still recover; and are then told that they may find not only whether the facts exist which it is claimed constitute negligence, but also whether the facts, if found, do constitute negligence, parties might as well try their cases without the assistance of the court. In the following cases the

court instructed the jury that if certain facts were found by them to exist, such facts would constitute negligence, or the refusal to so instruct was held to be error. (*Finlayson* v. *Railroad Co.*, 1 Dillon, 584; *Stone* v. *The Oregon City Mfg. Co.*, 4 Or. 53; *Illinois Central R. R. Co.* v. *Buckner*, 28 Ill. 299; *Artz* v. *The Chicago and P. R. R. Co.*, 34 Iowa, 153; *Wilcox* v. *Railroad Co.*, 39 N. Y. 358.) And in the following cases, the facts being clear or undisputed, which it was claimed constituted negligence on the part of the plaintiff, and which in the opinion of the court, as matter of law, precluded a recovery, the court granted a nonsuit: *Cogswell* v. *O. & C. R. R. Co.*, 6 Or. 419; *McGlynn* v. *Brodie*, 31 Cal, 376; *Wilds* v. *The H. R. R. Co.*, 29 N. Y. 315; *Gonzales* v. *N. Y. & Harlem R. R. Co.*, 38 Id. 432; *Deyo* v. *N. Y. Central R. R. Co.*, 34 Id. 9.

*R. Williams*, for respondent:

The instruction given by the court was correct. If the company was guilty of gross negligence, or if the agents of the company were willfully or intentionally negligent, the plaintiff would be entitled to recover, notwithstanding he was guilty of slight negligence. (*Bequet* v. *P. T. Co.*, 2 Or. 200; *The Peoria, etc. R. R. Co.* v. *Champ*, 75 Ill. 577.) But this was not the entire charge of the court upon this subject, as a reference to the charge will show.

The instruction asked by defendants' counsel was properly rejected. It required the court to say to the jury, not that the circumstances mentioned (which was only a portion of the evidence bearing upon the point presented) in the charge asked might be considered by the jury, in determining whether the plaintiff was guilty of contributory negligence, but that these circumstances conclusively proved negligence on the part on the plaintiff, which contributed to the injury to such an extent as to prevent his recovery. This is in direct violation of sections 198 and 835 of the code of civil procedure. It was proper for the court to refuse to give the instruction as asked, and to qualify or explain the same before giving it to the jury. (*Knapp, Burrell & Co.* v. *Sol King*, 6 Or. 243.

The following is the charge of the court to the jury upon the question of negligence: "The plaintiff had a right to be where he was on the highway, so also the defendant had a right to be upon the track in question with his locomotive and train, and to be using it in the manner described. The question is, Could either party, that is to say, the plaintiff and the agents of the company having the train in charge, have prevented the accident by the exercise of such care as the circumstances surrounding them required? In all cases the law requires of each party the exercise of ordinary care. The railroad company is required in all cases to exercise this care. Persons having occasion to pass and repass in the vicinity where trains are accustomed to pass, are also required to exercise this care. The more dangerous the locality the greater is the degree of care required. A greater degree of care is required of the company where its trains are passing along near to a public highway or thoroughfare, or crossing where people are at all times passing and repassing, than is required when they are not near to such a highway or public place; and at the same time the same doctrine holds those who travel about where trains are frequently passing, to greater diligence than is required of them at other times. I leave you to consider, as men of judgment and experience, what degree of care was required in this case, subject to the general rule which I have stated. If you find that the company failed to exercise that care which the circumstances required of them, and that the accident resulted as a consequence, then the company is liable, unless the plaintiff also failed to exercise proper care, and by his failure contributed to the injury. If both parties were negligent, and the negligence of both contributed to the injury, there can be no recovery. The law can not apportion the responsibility among those who are jointly responsible. If, therefore, as I have stated, the plaintiff by his own negligence contributed to his injury, he can not recover. If, however, the negligence of the plaintiff—if he was negligent—did not contribute to the injury; if the company was guilty of gross negligence, and the plaintiff was guilty only of slight negligence, or if the agents of the

company were willfully or intentionally negligent, then the plaintiff is entitled to recover notwithstanding his own negligence."

By the Court, Kelly, C. J.:

This is an action brought by the respondent to recover damages for the killing of some horses and injury to others by a freight train on appellant's railroad, alleged to have been caused by the negligence of the appellant. In the answer, negligence on part of the appellant is denied, and negligence upon the part of the respondent, which contributed to the injury, is averred.

The facts are substantially as follows: In October, 1878, the respondent was the owner of a band of eleven horses, which he was driving along the county road leading from Oregon city to Salem. When about half a mile above Canemah, where the county road runs parallel with and near to the railroad track, but separated by a board fence, he met a freight train going north. The respondent was riding a horse and driving the eleven head. The horses which he was driving became frightened and ran back along the county road until they reached the place where it crosses the railroad below Canemah, a distance of more than a mile. At this crossing a part of the horses ran on the railroad track before the train, and three of them were killed, and one injured so that it afterward died, and the others were injured to some extent. The horses had recently been brought from Eastern Oregon and were unaccustomed to the sight of a railroad, and at the time they took fright the eleven head were driven loose by the respondent, who had no one to assist him. When they became frightened they were about one hundred yards ahead of respondent, and he was watching two boats on the Willamette river.

During the trial the respondent was a witness in his own behalf, and after describing the horses which were killed and injured he was questioned by his counsel about the value of the horses, as follows: "What was the value of the two bay horses?" to which he answered: "I paid three hundred and fifty dollars for them." "What was the value

of the dun horse?" to which he answered: "I paid one
hundred and fifty dollars for him." The respondent also
afterwards testified in effect that such horses were respect-
ively worth the sums which he stated he paid for them.
Although the above answers were objectionable, because not
responsive to the questions asked, yet no exception was
taken.

On cross-examination the respondent stated that he had
bought the horses in Baker county, Oregon, from one
Toney, about September, 1878, and did not pay for them in
money, but paid for them in sheep at the rate of two dollars
for each sheep, receiving the horses at the prices above
specified. Appellant's counsel then asked the witness the
following questions, which were severally objected to by re-
spondent as immaterial, and the objections were sustained
by the court, to which rulings appellant excepted: "Where
did you get the sheep you traded for the horses you bought
of Ben Toney? How much did you pay for the sheep you
traded to Ben Toney for the horses, and in what manner
and when did you pay it? Where were the sheep at the
time you traded them to Toney, and how long had you
owned them? When had the sheep you traded to Toney
for the horses been sheared? Where had the sheep you
traded to Toney for the horses been kept the summer you
traded, and how had they been kept?"

The court properly sustained the objections to these sev-
eral questions. The inquiry was as to the value of the
horses, about which the witness had testified. On the cross-
examination he stated that he had traded sheep in payment
for them at a stipulated price, and by the questions asked
it was sought to elicit facts too remotely connected with the
subject of inquiry before the court.

After the evidence was closed the court charged the jury,
among other things, as follows: "If both parties were
negligent, and the negligence of both contributed to the in-
jury, there can be no recovery. The law can not apportion
the responsibility among those who are jointly responsible.
If, therefore, as I have stated, the plaintiff by his own neg-
ligence contributed to his injury, he can not recover. If,

however, the negligence of the plaintiff, if he was negligent, did not contribute to the injury; if the company was guilty of gross negligence and the plaintiff was guilty only of slight negligence, or if the agents of the company were willfully or intentionally negligent, then the plaintiff is entitled to recover notwithstanding his own negligence." The appellant excepted to the following portion of the charge just quoted: "If the company was guilty of gross negligence, or if the agents of the company were willfully or intentionally negligent, then the plaintiff is entitled to recover notwithstanding his own negligence."

This being excepted to, it was assigned as error. This must be taken in connection with the context, and so taken it was not erroneous. This court, in the case of *Bequct* v. *The People's Transportation Co.* (2 Or. 200), laid down the rule that slight negligence on the part of the plaintiff would not excuse gross negligence on part of the defendent, whereby the plaintiff's property was destroyed. The ruling of the court below, in the case under consideration, was in accordance with the principle declared in that decision.

On behalf of the appellant the court was asked to instruct the jury as follows: "If the jury find from the evidence that the plaintiff was driving a band of eleven horses loose upon the highway, in known proximity to the railroad of the defendant, knowing that his horses were not accustomed to the sound or sight of a railroad train, at about the time for the passing of a regular train, and permitted the horses to get the distance of a hundred yards in advance of him, and was watching some steamboats upon the river, and, while so occupied, a train approached and said horses took fright, which caused them to run into the train, by which a portion of the band was killed and others injured, he is guilty of such contributory negligence as prohibits his recovery, unless the defendant was guilty of willful misconduct." This instruction was asked on the hypothesis that the respondent was bound to know when the regular freight trains of the appellant would pass along close to the place where the horses took fright, and that he had no right to travel on the

public highway with horses unaccustomed to the sight or the sound of a railroad train.

The respondent was under no obligation to ascertain the exact time when the freight trains would pass along the railroad and to abstain from driving his horses on the highway when these trains should go by. He had a right to be on the public road, and if he exercised ordinary prudence and care in driving his horses he would not be liable to the charge of being negligent in the management of his property.

The court did not err in refusing to give the instruction which was asked, and the judgment is affirmed.