Argued Sept. 27, decided Oct. 10, 1911.

## BEARD *v.* ROYAL NEIGHBORS OF AMERICA.

[118 Pac. 171.]

EVIDENCE—EVIDENCE AT FORMER TRIAL—PRELIMINARY EVIDENCE.

1. Under Section 727, subd. 8, L. O. L., providing that the testimony of a witness, deceased, or out of the State, or unable to testify, given

in a former action between the same parties, relating to the same matter, is admissible, the preliminary question of the absence of the witness from the State is sufficiently satisfied by the testimony of a witness that he knew the absent witness' residence was in a foreign state, and that, to his best knowledge, he was not then within the State of Oregon.

EVIDENCE—EVIDENCE AT FORMER TRIAL—MODE OF PROOF—NOTES OF TESTIMONY.

2. Under Section 852, L. O. L., providing that when a deposition has been taken it may again be read in the same action, and Section 932, providing that the report of the official reporter, when transcribed and certified to be a correct transcript of the testimony, may be read as the deposition of the witness, and Section 836, providing that the deposition of a witness out of the State may be taken, the testimony of a witness at a former trial, as transcribed by the official reporter, is substantially his deposition, which may be read at any subsequent hearing, provided that such witness is without the State.

APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—OBJECTIONS—SUFFICIENCY.

3. Where defendant offered in evidence the testimony of an absent witness at a former trial, and plaintiff's counsel stated, "We object to the introduction of the testimony in this· manner," such objection is not sufficient to raise on appeal the objection that the cross-examination of the absent witness was not introduced.

APPEAL AND ERROR—RECORD—QUESTIONS PRESENTED FOR REVIEW.

4. Where a party objected to the introduction of the reporter's transcript of the testimony of an absent witness, who testified at a former trial, because the cross-examination of the witness was not included, that objection cannot be reviewed on appeal; the testimony as compiled by the court stenographer not being sent up as an exhibit with the record.

EVIDENCE—PAROL EVIDENCE TO MODIFY A WRITTEN INSTRUMENT.

5. Where a question in a written application for insurance was answered in the negative, parol evidence, in the absence of fraud, is inadmissible, in an action on the policy issued on the application, to impeach or alter the answer.

PLEADING—AMENDMENT—DISCRETION OF LOWER COURT.

6. In a written application for an insurance policy, the question, "Have you within the last seven years consulted any person or physician with reference to personal ailments?" was answered in the negative. Upon the second trial of the case, it having been shown that the applicant had consulted a physician within that time, the plaintiff offered to prove that the applicant stated to the examining physician that she had been visited by a physician, who told her she had a mild form of la grippe, and that the examining physician told her that such facts did not constitute a consultation of a physician. This evidence was excluded. *Held,* that the refusal of the trial court to allow plaintiff to file an amended reply, alleging an estoppel, in addition to the reply on file, was correct,

under Section 102, L. O. L., which gives the court a discretionary power at any time before the cause has been submitted to allow a pleading to be amended, when it does not substantially change the cause of action or defense, by conforming to the facts as proved, since the desired amendment would change the position of the plaintiff, and did not conform to the facts proved; the testimony relied upon to establish an estoppel having been rejected.

PLEADINGS—AMENDMENTS—DISCRETION OF LOWER COURT.

7. In a written application for an insurance policy, the question, "Have you within the last seven years consulted any person or physician with reference to personal ailments?" was answered in the negative. Upon the second trial of the case, it having been shown that the applicant had consulted a physician within that time, the plaintiff offered to prove that the applicant stated to the examining physician that she had been visited by a physician, who told her that she had a mild form of la grippe, and that the examining physician told her that such facts did not constitute a consultation of a physician. This evidence was excluded. *Held,* that the refusal of the trial court to allow plaintiff to amend his reply, so as to set up an estoppel in addition to the reply on file, was not an abuse of discretion at that late day.

APPEAL AND ERROR—DETERMINATION—REHEARING—LAW OF CASE.

8. Questions decided upon a former appeal are the law of the case on a second appeal.

From Douglas: JAMES W. HAMILTON, Judge.

This is an action by Frank M. Beard against the Royal Neighbors of America to recover the amount due upon a beneficial certificate issued by defendant. From a judgment in favor of the defendant, plaintiff appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. John T. Long* and *Messrs Cardwell & Watson.*

For respondent there was a brief with oral arguments by *Messrs. Fullerton & Orcutt* and *Mr. Benjamin D. Smith.*

MR. JUSTICE BURNETT delivered the opinion of the court.

This is the second appeal in this case. For the former opinion see 53 Or. 102 (99 Pac. 83:19 L. R. A. [N. S.] 798).

In but two particulars, deemed important, does the record in the present hearing differ from the record in

the former case. J. A. Eggers was a witness for the defendant at the first trial. Desiring at the present trial to use the evidence then given by Eggers, the defendant offered as a witness J. C. Fullerton, who testified that he knew Eggers' residence to be in Heyburn, Idaho, and that he was not at the time, to the best knowledge of the witness, within the State of Oregon. On this basis the counsel for the defendant offered in evidence the testimony of John A. Eggers, given on the former trial of this case, in the form of a copy prepared and certified by the court reporter. At this juncture the counsel for the plaintiff said: "We object to the introduction of the testimony in this manner." This objection was overruled by the court, and upon this ruling error is predicated on behalf of the plaintiff.

1, 2. Section 727, L. O. L., subd. 8, provides that evidence may be given on the trial of the testimony of a witness deceased, or out of the State, or unable to testify, given in a former action, suit, or proceeding or trial thereof between the same parties, relating to the same matter. Section 836, L. O. L., provides that the testimony of a witness out of the State may be taken by deposition, in an action at law. The preliminary question of the witness being out of the State is sufficiently satisfied by the testimony of the witness Fullerton, within the reasoning of *Wheeler* v. *McFerron*, 38 Or. 107 (62 Pac. 1015), Section 852, L. O. L., declares that when a deposition has been once taken it may be read in the same action, suit, or proceeding. The question then is whether the testimony of Eggers was correctly presented to the jury by the action of the court in that respect. Section 932, L. O. L., provides that the report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, shall be *prima facie* a correct statement of such testimony, and may thereafter be read as the

deposition of a witness in the cases mentioned in Section 852. The effect of this statute is to make the testimony of a witness at a former trial, as quoted by the official reporter, substantially the deposition of a witness, which may be read at any subsequent hearing of the case, provided the witness is without the State.

3, 4. It was contended at the argument that the cross-examination of the witness Eggers was not produced before the court. In our judgment the form of the objection, above quoted, is not sufficient to raise this question on appeal. Moreover, the transcript of the testimony, as compiled by the court reporter, is not sent up as an exhibit with the record. In the statement of the testimony as appended to the bill of exceptions, it is true that there are questions and answers purporting to be the testimony of John A. Eggers, in which no cross-examination appears; but in order to raise this question the transcript, as prepared by the court reporter, should have been sent here as an exhibit, so that we could ourselves determine, by an inspection of the document, whether it was properly certified, or whether it included the cross-examination. Under the form of the objection and for want of the original transcript of the testimony, we are compelled to disregard this contention of the plaintiff.

5. The only remaining assignment of error which we deem it material to consider arose in this wise: In the application of Mrs. Beard for insurance was question 18, as follows: "Have you within the last seven years consulted any person or physician in regard to personal ailments?" To which the answer is written in ink, "No" This application was introduced in evidence by the defendant, and supplemented by the testimony of a physician, as in the former trial, to the effect that she had consulted him with reference to bodily ailment within seven years prior to the date of the application. The plaintiff

in rebuttal called the physician who conducted the examination, and asked him if the question was asked Mrs. Beard at the time of the examination. The examiner answered that it was. The plaintiff then propounded this question to the witness: "State what her answer was, and what explanations she made, if any, in regard to it." The defendant objected to this, on the ground that the application itself being a written instrument, and being the best evidence on that point, it could not be modified by parol testimony, and upon the further ground that it was an attempt to prove a waiver without the same having been pleaded. This objection was sustained. The plaintiff excepted, and offered to prove, in substance, by the witness, in response to the question that he was the examining physician of the defendant corporation, and as such was its agent, that the applicant stated to him, in answer to question 18, that she had been visited by Dr. Miller upon one occasion within seven years, and that Miller told her she had a mild form of la grippe; that he had written one prescription, and her husband had brought home a bottle of medicine, and that the answer to the question in the negative was written by the witness in pursuance of his explanation to her that the facts as she related them did not constitute a consultation of a physician. The execution of the application for insurance, with question 18 answered in the negative, having been admitted, the evidence offered was clearly such evidence as would be an impeachment or modification of that written instrument, and could not be admitted, unless the issue was raised on the ground of fraud or misrepresentation, or something in that nature. The ruling of the court in that respect was correct.

6, 7. Supplementing this offer of testimony, counsel for plaintiff then asked leave of court to file an amended reply, alleging an estoppel in addition to the reply on

file. The pleading was not tendered in written form, and the court declined to allow such a reply to be filed. The court had discretionary power, under Section 102, L. O. L., at any time before the cause was submitted, to allow a pleading to be amended by striking out the name of any party, or by correcting a mistake in the name of a party, or mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming a pleading or proceeding to the facts proved. Even the discretion of the court is limited by the terms of that section, and is not absolute and uncontrollable. In this case the amendment did substantially change the position of the plaintiff on the pleadings, and besides it did not conform to the facts proved, for the testimony relied upon to establish the estoppel had been rejected. The court very properly refused to allow the written instrument to be impeached by the testimony of the witness. Moreover, the scope of the amendment was to stop the mouth of the defendant to maintain one of its principal defenses, viz., that the answer to question 18 was not true. Even if the discretion of the court could be expanded to cover such a case and such an amendment, the plaintiff was so dilatory in waiting till near the close of the second trial to offer it, that the court would not have erred within the widest discretion in denying the application.

8. The other questions raised were covered substantially in the former hearing of this case, which becomes the law of the case under the authority of *Baker County* v. *Huntington,* 48 Or. 593 (87 Pac. 1036: 89 Pac. 144).

The judgment of the court below is affirmed.

AFFIRMED.