Argued December 19, decided December 26, 1911.

## NUTT v. ISENSEE.

[119 Pac. 722.]

TRIAL—DISMISSAL OR NONSUIT—CONFLICTING EVIDENCE.

1. Where, though the testimony is contradictory, it tends to sustain the allegations of the complaint, a refusal to grant a nonsuit is proper.

TRIAL—INSTRUCTIONS—SUBSTANCE CONTAINED IN ANOTHER INSTRUCTION.

2. The refusal to give a requested instruction is proper, where its substance is covered by an instruction given as part of the general charge.

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE MACHINERY—
    KNOWLEDGE OF SERVANT.

3. To defeat a recovery by a servant for an injury from an alleged defective machine, it is not sufficient that the servant shall have known that the machine was defective, but he must also have known, or had reason to believe, that the defect was a probable source of danger.

TRIAL—INSTRUCTIONS—MODIFICATION OF REQUESTED INSTRUCTIONS.

4. The modification of a requested instruction is proper, where, taken in connection with the general charge, the law is correctly stated.

TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

5. Where, in an action for injuries to a servant from alleged defective machinery, there was no evidence that machines like the one in suit were liable to often get out of order, and the evidence tended to show that with ordinary care and attention the machine in question was not liable to get out of order, a request to instruct that "machinery often gets out of order," etc., was properly refused.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by W. G. Nutt against William Isensee for damages for personal injuries. The complaint alleges, in substance, that in June, 1909, plaintiff was employed by defendant as a common laborer in defendant's blacksmith shop; that while so employed he was directed by defendant to operate a machine, called a "shears and punch," which was antiquated, defective, and worn out; that its parts were loose and insecure, its keys, bolts, and rivets so insecurely fastened as to be dangerous and unsafe while in operation, and particularly that an iron key was left by defendant without being securely fastened to the main machinery; that these defects were known to defendant, but were unknown to plaintiff; that at the date mentioned, while plaintiff, under defendant's direction, was attempting to operate the machine, the key loosened from its position, and was projected from its place with great force, striking plaintiff in the face and eyes, and severely injuring him. The answer is a general denial, coupled with a plea of assumption of risk and contributory negligence.

Defendant's counsel requested the following instructions, which the court refused:

"(2) The court further instructs you that the injury to plaintiff's chest, testified to by Dr. Rockey, cannot be considered in this case as an element of damages, but said testimony may be considered an element in determining the credibility of the plaintiff's testimony.

"(3) The court instructs you that if you believe from the evidence that the plaintiff had knowledge of the defective condition of the shears and punch while he was using it, and if you further believe that he was a man of ordinary or average intelligence, he cannot recover, although you find that the defendant knew of the defective condition of the machine.

"(5) The court instructs you that, if you believe from the evidence that in operating the punch when pressure is applied the key or plate could not, from the nature of the machine, fly out, then, in that case, you must find for the defendant.

"(6) The court instructs you that machinery often gets out of order; that it is not negligence on the part of defendant to work the shears and punch without the pins in the key or plate, if you believe from the evidence that when pressure is applied the key or plate could not fly out.

"(7) The court instructs you that if you believe from the evidence that plaintiff inserted a wedge or a flat piece of iron in the machine to make the punch go deeper, and it was the wedge that flew out and struck the plaintiff, or that both wedge and plate flew out at the same time, and that the wedge inserted in the machine was the cause of the injury, then plaintiff cannot recover."

Counsel also requested the following instruction, which the court gave, interpolating therein the words "provided the old machine be a reasonably safe one," which are included in brackets: "The court instructs you that every employer has the right to choose the machinery to be used in his business, and to conduct that business in a manner most agreeable to himself. He may select the appliances and run his shop with old or new machinery, just as he may ride in an old or new carriage, or navigate an old or new vessel, and he is not obliged to change his machinery from old to new in order to secure the greater safety of his employees [provided the old machine be a reasonably safe one], and an employee who enters his service with the knowledge of circumstances attending his employment cannot complain of his master's customs or habits, nor recover for injuries in and resulting from that particular service." Counsel excepted to the instruction as amended.

The testimony of Dr. Rockey, referred to, was introduced by defendant, and was to the effect that about two

weeks after the injury plaintiff visited him professionally, in regard to an alleged injury to his chest, which he claimed to have received while working in defendant's shop, as the result of having been struck by a half-moon shaped piece of iron, which projected from a machine he was operating. It does not appear that counsel, at the time the testimony was introduced, attempted to limit its effect to any particular purpose, but introduced it generally.

Plaintiff had a verdict and judgment for $300, and defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Andrew T. Lewis* and *Mr. Edward S. J. McAllister,* with an oral argument by *Mr. Lewis.*

For respondent there was a brief over the names of *Mr. Mark O'Neill, Mr. Victor K. Strode* and *Mr. F. E. McGinnis,* with oral arguments by *Mr. Strode* and *Mr. McGinnis.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We have carefully examined the record in this case, and find it free from any material error. Without consuming space in the reports by a discussion of the testimony in detail, it is sufficient to say that, in our judgment there was testimony tending, in some degree, to sustain the allegations of the complaint; and therefore the court did not err in its refusal to sustain a motion for a nonsuit. It is true that the testimony was contradictory, but the jury was the judge of its value and effect.

2. There was no substantial error committed in the refusal of the court to give defendant's requested instruction No. 2, relating to the effect to be given to Dr. Rockey's testimony. The court in its general charge expressly told the jury that plaintiff's recovery must be limited to the particular injury alleged in the complaint, and the instruc-

tion requested amounted merely to a repetition of the same instruction in different language. We are of the opinion that the subject was sufficiently covered by the instructions given.

3. Instruction No. 3, requested by defendant, does not correctly state the law. It is not sufficient to defeat a recovery that plaintiff should have known that the machine was defective. He must also have known, or had reason to believe, that the defect was a probable source of danger. As was said by Mr. Justice LORD, in *Roth* v. *N. P. L. Co.*, 18 Or. 205 (22 Pac. 842) :

"It is to be borne in mind that there is a difference between a knowledge of the facts and a knowledge of the risks which they involve. One may know the facts, and yet not understand the risks; or, as Mr. Justice BYLES observed, 'a servant, knowing the facts, may be utterly ignorant of the risks.'"

To the same effect is *Johnson* v. *O. S. L. Ry. Co.*, 23 Or. 94 (31 Pac. 283).

4, 5. There was no error in the court's modification of requested instruction No. 4. Taken in connection with the general charge, the law is correctly stated. Request No. 5 is substantially covered by the general charge. Request No. 6 was properly denied. It was not the business of the court to instruct the jury that "machinery often gets out of order," etc. The jury was considering the evidence in regard to the machine operated by plaintiff and as to it, there was no evidence that such machines are liable to often get out of order, but there was strong evidence tending to show that, with ordinary care and attention used in fastening the key or friction plate to the machine, it was not likely to get out of position or fly off.

The last instruction requested is sufficiently covered in the general charge, which was admirable, and covered all the issues. A party is not entitled to have an instruc-

tion given in language suggested by himself, if the substance of it is covered by other instructions framed by the court.

In this case the court was exceedingly fair to the defendant, and we are sure that no instruction, refused or given, resulted in any substantial injury, and the verdict of $300 seems to us to have been based upon an exceedingly moderate estimate of plaintiff's injuries.

The judgment is affirmed.                    AFFIRMED.