Argued July 10, decided July 22, 1913.

# DOMURAT v. OREGON–WASHINGTON R. & N. CO.

(134 Pac. 313.)

**Pleading—Amendment During Trial—Complaint.**

1. Under Section 102, L. O. L., providing that the court may permit, at any time before the cause is submitted, an amendment which does not substantially change the cause of action, the court had jurisdiction to permit an amendment to the complaint in an action for personal injuries by adding two paragraphs that did not substantially change the cause of action.

**Appeal and Error—Waiver of Objections—Failure to Argue.**

2. Where an assignment of error to the refusal of the court to give requested charges was not discussed in the argument, it will be presumed that the appellant intended to waive consideration of it.

**Trial — Instructions — Requested Instructions Covered by Court's Charge.**

3. It is not error to refuse to give requested instructions, the substance of which has been incorporated in the instructions given by the court.

**Trial—Nonsuit—Determination of Motion.**

4. The defendant's motion for a nonsuit should be allowed if all the evidence at the close of the plaintiff's case in chief was not sufficient for submission to the jury.

**Trial—Directed Verdict—Determination of Motion.**

5. A defendant's motion for a directed verdict should be allowed, if, after all the evidence in the case is in, it is not sufficient for submission to the jury.

**Appeal and Error—Verdict of Jury—Conclusiveness—Constitutional and Statutory Provisions.**

6. Under Article VII, Section 3, of the Constitution, as amended (see Laws 1911, p. 7), providing that no fact tried by a jury shall be re-examined by any court unless the court can say affirmatively that there is no evidence to support the verdict, and Section 183, L. O. L., providing that a cause not sufficient to be submitted to a jury is one where it appears that, if the jury were to find for the plaintiff, the court ought to have set the verdict aside for want of evidence to support it, the verdict protected by these sections is one rendered in a court having jurisdiction of the subject matter and of the parties in a trial where the court committed no reversible error.

**Trial—Motion for Nonsuit and Directed Verdict—Determination.**

7. Under those sections a motion for nonsuit or directed verdict should be sustained only when the court can say affirmatively that there is no legal evidence to support the verdict for the plaintiff.

Master and Servant—Injuries to Servant—Evidence—Negligence of Master—Contributory Negligence.

8. In an action by a railroad employee for injuries received while removing a safe from one car to another, evidence as to the master's negligence in failing to furnish proper appliances, and whether the employee was aware of the nature of the object he was moving and the danger of handling it with the appliances furnished, *held* sufficient to carry the case to the jury.

[As to the liability of an employer to an employee who accepts extrahazardous duties, see note in 97 Am. St. Rep. 884.]

Trial—Motion for Nonsuit and Directed Verdict—Determination—Conflicting Evidence.

9. A judgment of nonsuit or motion for an instructed verdict should not be granted, where reasonable minds may draw different conclusions from the evidence, especially where it is conflicting on material points.

Appeal and Error—Review—Motion for Nonsuit—Evidence Considered.

10. In determining whether a nonsuit should have been granted, the Supreme Court must review the evidence produced by the plaintiff in the light most favorable to him.

From Multnomah: Henry E. McGinn, Judge.

Statement by Mr. Justice Ramsey.

This is an action in which Peter Domurat sought to recover from the Oregon-Washington Railroad & Navigation Company, a corporation, the sum of $10,000 as damages, which he claims to have sustained while working for the defendant in handling freight at its freight depot in Portland. The amended complaint states the facts constituting the plaintiff's cause of action in proper form. The plaintiff's right of action is based on alleged negligence of the defendant, whereby the plaintiff lost the big toe of his left foot.

The answer denies nearly all of the material facts alleged in the amended complaint. The answer pleaded as separate defenses, first, the assumption by the plaintiff of the risk or danger to which he was exposed when he was injured; second, that the injury sustained by the plaintiff was caused by his own neg-

ligence; and, third, that the injury was caused by the negligence of the plaintiff and his fellow-servants.

The reply denies all the material allegations of the answer. The case was tried by a jury, and a verdict and a judgment were rendered for the plaintiff in the sum of $1,800. A motion for a nonsuit and a motion for an instructed verdict for the defendant were disallowed by the court. The defendant appealed.

Affirmed.

For appellant there was a brief, with oral arguments by *Mr. William W. Cotton, Mr. Arthur C. Spencer, Mr. W. A. Robbins* and *Mr. Charles E. Cochran.*

For respondent there was a brief, with oral arguments by *Malarkey, Seabrook & Stott.*

Mr. Justice Ramsey delivered the opinion of the court.

There are five assignments of error in this case.

1. The plaintiff was permitted to amend the complaint by adding two paragraphs thereto after the commencement of the trial. These amendments did not substantially change the cause of action. Therefore the court had the right in its discretion to allow them: Section 102 L. O. L.; *Doyle* v. *Southern Pac. Co.,* 56 Or. 495 (108 Pac. 201).

2. The defendant assigns as error the refusal of the court below to give the jury the requested charges numbered from two to ten, both inclusive. These requested charges were not discussed in the argument, and we presume that the defendant intended to waive any consideration of them by this court. However, we have examined them in connection with the instructions given, and we find that the substance of them was given in the instructions that were prepared and given

by the court.    The instructions of the court are lengthy and fair, and covered every point in issue.

3. A trial court has the right to instruct the jury in its own language, and it is not error to refuse to give requested charges that state the law correctly, when the substance of the requested charges have been incorporated into the instructions prepared and given by the court: *McGregor* v. *Oregon R. & N. Co.,* 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668); *Roth* v. *Northern Pac. Lumbering Co.,* 18 Or. 205 (22 Pac. 842); *Galvin* v. *Brown & McCabe,* 53 Or. 598 (101 Pac. 671); *La Grande Nat. Bank* v. *Blum,* 27 Or. 215 (41 Pac. 659); *Nutt* v. *Isensee,* 60 Or. 395 (119 Pac. 722).    There was no error in refusing to give the requested charges.

The main points relied upon by the defendant in the argument are based upon the refusal of the court to grant a nonsuit, and the refusal of the court to instruct the jury to return a verdict for the defendant on the alleged ground that there was not sufficient evidence to be submitted to the jury, etc.    These points raise substantially the same question.

4. If, when the plaintiff's evidence in chief was in, there was not sufficient evidence to be submitted to the jury, the defendant's motion for a nonsuit should have been allowed.

5. If, when all the evidence in the case was in, there was not sufficient evidence to be submitted to the jury, the defendant's motion for an instructed verdict should have been allowed.

6. Section 183, L. O. L., provides as follows: "A cause not sufficient to be submitted to the jury is one where it appears that, if the jury were to find a verdict for the plaintiff upon any or all of the issues to be tried, the court ought, if required, to set it aside for want of evidence to support it."    Article VII, Section 3 of the Constitution, as amended (see Laws 1911,

p. 7), provides under what conditions a verdict may be set aside for want of sufficient evidence to support it as follows: "In actions at law, where the value in controversy shall exceed $20.00, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." A verdict to be protected by this provision of the Constitution must be one rendered in a court having jurisdiction of the parties and the subject matter in a trial where there were no reversible errors of law committed by the court. A verdict thus rendered cannot be set aside by any court unless such court can say affirmatively that there was no evidence to support it.

7. Construing Section 183, L. O. L., and Article VII, Section 3, of the Constitution together, we find that a motion for a judgment of nonsuit or an instructed verdict for the defendant should be allowed only when the court can say affirmatively that there is no evidence to support a verdict for the plaintiff. By the term "evidence," used in this connection, is meant legal evidence tending to support the plaintiff's case.

8. The question, then, for decision is, Was there any evidence in the court below to support a verdict for the plaintiff?

The evidence showed that the plaintiff was working for the defendant at the defendant's freight depot in Portland on July 1, 1911, unloading freight from cars, and that he had been working for the defendant in that capacity nearly two years; that he had worked for other railroads in the middle west at the same sort of work about six years; that he understood that sort of work; and that he was accustomed to handling heavy freight.

On July 1, 1911, a safe arrived from Seattle en route to Boise, Idaho, and it was necessary to take it out of a freight-car and transfer it about 200 feet and put it into another car.    It was boxed, so that it could not be readily determined that the box contained a safe. The plaintiff and his witnesses testified that the safe weighed about 1,800 pounds, and the defendant's witnesses estimated that it weighed about 1,100 pounds. One of the defendant's witnesses says the safe was round, like a ball, and that it was top-heavy.    This witness, who acted as foreman in handling freight, said that about one safe a day was received by the defendant, and that he never saw a safe boxed, excepting safes of the same kind as the one in question, and that safes usually came unboxed so that it could be seen that they were safes.    The plaintiff testified that this was the only safe that he ever saw that was boxed.

On July 1, 1911, the foreman of those handling freight decided to unload this safe, and transfer it to another car about 200 feet distant.    The foreman had five or six men in the car to move this safe, and called to the plaintiff to go and assist in moving it.    They used a hand-truck in their efforts to move the box containing the safe.    The foreman admitted that he decided that it was best to use a hand-truck for that purpose.    The plaintiff testified that there were four men behind the truck and three at the handles, and that he had hold of one handle of the truck.    He says, also, that the men behind the box containing the safe tipped it over on to the truck, and that the truck with the box on it was so heavy that he could not hold it, and that it pressed him down, and the truck fell on his foot and mashed two toes and cut off one of them.    The toe cut off was the big toe of his left foot.    He testified that the loss of this toe made him lame.

The evidence shows that his toe was cut off substantially as he claims. The plaintiff testified that he did not know or believe at the time that there was a safe in said box, or that it was heavy. He says that he was not informed by anyone that the box contained a safe, or that it was heavy, or that there was any danger in handling it. He did not see the waybill.

The amended complaint alleges that, when the box containing the said safe was tipped over upon the hand-truck, which the plaintiff and two other men were holding, the weight thereof was too great for them to hold. The amended complaint asserts also that the defendant was guilty of negligence in not furnishing the plaintiff and the others working with him reasonably safe appliances with which to unload said safe, and claims that the hand-truck furnished was not a reasonably safe appliance with which to move said safe, and that the defendant should have furnished rollers or other safe appliances for that purpose and failed to do so. The amended complaint alleges also that the defendant was negligent in that it did not furnish enough men to handle said safe, and that the defendant neglected to warn or notify the plaintiff of the contents or weight of said box or of the danger attendant upon moving it upon a hand-truck, etc.

The evidence on the part of the plaintiff tended to show that he did not know the contents of said box or that it was heavy, and that he was not warned by anyone that there was any danger attendant upon moving said box with a hand-truck, etc. The evidence in behalf of the plaintiff tended also to show that a hand-truck was not a reasonably safe appliance with which to handle said safe, and that rollers are the proper appliances to be used in moving such heavy freight, and that the defendant had no rollers that could have been used for that purpose, and that the rollers which

the defendant had were not of the proper size or length for use in moving said safe, etc.

On the other hand, the evidence on the part of the defendant tended to show that the hand-truck used was a reasonably safe appliance for moving said safe, and that rollers would not have been safe or proper appliances to use in moving it; and the evidence for the defendant tended also to show that there were plenty of rollers there of the right size and length that could have been used in moving said safe, and also that the hand-truck used was a better and safer appliance for handling said safe than rollers would have been, etc. The evidence for the defendant tended to show to some extent also that the plaintiff should have known from the appearance of the box containing the safe that it was heavy, etc.

Without attempting to give the substance of all the evidence of each side, we may say that in our judgment there was testimony in behalf of the plaintiff which made out a *prima facie* case on all the material points. On the other hand, there was evidence on the part of the defendant that tended to show that the plaintiff had no cause of action. If the evidence for the plaintiff was true, the hand-truck was not a reasonably safe appliance with which to move the safe, and the plaintiff had no notice or knowledge that the box containing the safe was heavy or that there was any danger incident to handling the box. It was a question for the jury to decide whether he knew or should have known that the box was heavy. It was a question for the jury also to determine from the evidence whether the hand-truck used was a reasonably safe appliance with which to handle the box containing the safe, or whether the defendant furnished rollers of proper size and length to use in moving said box, or whether rollers were reasonably safe appliances with

which to handle said box, etc.   There was evidence *pro* and *con* on these points.   The defendant had the waybill showing that said box weighed 1,160 pounds, and did not communicate this fact to the plaintiff.

The evidence was conflicting on the material points, and the charge of the court was full and fair, and covered all the questions involved.   It was for the jury, and not for the court, to pass on the evidence of the witnesses and to determine the ultimate facts of this case.

9. A judgment of nonsuit or a motion for an instructed verdict should not be granted where reasonable minds may draw different conclusions from the evidence before the jury, especially where the evidence is conflicting on the material points: *Stager* v. *Troy Laundry Co.,* 41 Or. 141 (68 Pac. 405); *Sullivan* v. *Wakefield,* 59 Or. 401 (117 Pac. 311); *Nutt* v. *Isensee,* 60 Or. 395 (119 Pac. 722).

10. In determining whether a nonsuit should have been granted, this court must review the evidence produced by the plaintiff in the most favorable light to the plaintiff: *Dillard* v. *Olalla Mining Co.,* 52 Or. 126 (94 Pac. 966, 96 Pac. 678).   There was evidence in this case sufficient to be submitted to the jury.   We find that the motions for a nonsuit and for an instructed verdict were properly overruled.

The record discloses no error, and the judgment of the court below is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.