## WEAVER v. NORWAY TACK CO.

(Circuit Court, E. D. Pennsylvania. September 15, 1896.)

1. IMPLIED CONTRACTS—PATENTS—PURCHASER FROM LICENSEE.
   Where one purchases machines from a licensee of a patent and proceeds
   to use the same with knowledge of the facts and after notice from the
   owner of the patent that if he does so he will be held liable to make com-
   pensation for such use, an action may be brought by the owner of the
   patent upon an implied contract to recover such compensation.

2. FEDERAL COURTS—JURISDICTIONAL AMOUNT.
   Where an action is brought upon a single agreement based upon the use
   of three distinct patents, it is unimportant for the purpose of giving juris-
   diction of the suit that the sum claimed to be due on any one of the pat-
   ents does not exceed $2,000, provided that the total sum claimed upon all
   three patents does.

This was an action of assumpsit in which the plaintiff's statement
of claim disclosed the following state of facts:

The plaintiff being the owner of three patent rights for improvements in the
manufacture and bluing of tacks entered into an agreement with the Penn-
sylvania Tack Works, whereby he sold to that company the right to employ

the devices and processes specified in his patents in consideration of the payment to him of a certain yearly royalty for the use of each patent. This agreement was carried out until the dissolution of the Pennsylvania Tack Works in 1886. In 1891 the defendant company came into possession of the former plant of the Pennsylvania Tack Works, which at that time contained various devices, built in accordance with the specifications of the three patents belonging to the plaintiff. The plaintiff informed the defendant of his rights concerning the same and gave the defendant notice that if it employed these devices the plaintiff would consider that it accepted the same terms as those which had existed between him and the Pennsylvania Tack Works prior to its dissolution. The defendant continued to employ the devices and processes referred to, and the plaintiff brought suit to recover $3,218.02, being a sum equal to the amount of the royalties which the plaintiff would have been entitled to receive for the use of the three patents under the agreement previously existing between him and the Pennsylvania Tack Works.

To this statement a demurrer was taken by the defendant on the ground that:

(1) The statement did not aver that there was any contract actually entered into between the parties nor any facts from which such a contract might be implied; (2) it did not disclose any facts tending to show any liability on the part of the defendant for the alleged contract or engagement of the Pennsylvania Tack Works; and (3) since it appeared from the statement that each of the three distinct causes of action involved an amount of less than $2,000 in value this court had no jurisdiction of the subject-matter.

Ingham & Newitt, for plaintiff.
Hector T. Fenton, for defendant.

BUTLER, District Judge. As the court understands the plaintiff's statement the demurrer cannot be sustained. The suit is founded on an alleged implied contract for the use of several machines covered by distinct patents. The defendant was not a licensee; but having purchased the machines from one who was, he proceeded to use them with knowledge of the facts and after expressed notice, that if he did so he would be held liable to make compensation for such use. The reference in the statement to contracts with the former licensee and to the notice, is made by way of inducement, and to strengthen, the implication in favor of the contract sued upon. This latter contract is similar in all respects to such as arise where one uses a patented machine without authority and with knowledge of the facts. I do not think the statement is liable to any other construction than that just stated. That the plaintiff so understands it, is made plain by the following language taken from his brief:

"The contracts between the plaintiff and the Pennsylvania Tack Works are not the foundation of the claim against the defendant but are set up as inducement only."

In the defendant's brief it is said:

"If the defendant used the machine and if the patents are valid the plaintiff may have a right of action for the infringement in which the measure of damages would perhaps be the license price paid by the Pennsylvania Tack Works or other licensees if there are any, but it is obvious on reading the statement that no facts are alleged from which a contract can be implied."

We think the cause of action set out is substantially the one just described and that all facts necessary to justify an implication of a contract to pay for the use are sufficiently averred. The claim is not.

upon several contracts but a single one based upon the circumstances attending the use of the several machines. Under the laws of this state, and the practice here, it would probably be unimportant if the suit embraced several of such contracts; and if in such case the sum claimed aggregated $2,000 the defendant could not object to the jurisdiction selected.