## 3932.   CRUMM v. ALLEN & CO.

1. Any officer or agent of a corporation against which a suit has been brought in a justice's court, who appears and manages the case in behalf of the corporation, may enter an appeal for the corporation.

2. A party to a pending case is not, though beyond the jurisdiction of the court when the case is tried, inaccessible within the meaning of § 5773 of the Civil Code (1910), so as to authorize the introduction of his testimony delivered on a former trial of the case.

3. Where a case has been called for trial in a justice's court and the attorney for the plaintiff announces ready, participates in the selection of a jury, and offers evidence in behalf of his client, the justice of the peace is not authorized to grant a nonsuit, though the plaintiff fails to make out his case; and the case should be disposed of by a verdict of the jury in the defendant's favor.

DECIDED APRIL 16, 1912. ' REHEARING DENIED MAY 27, 1912.

Certiorari; from Fulton superior court—Judge Pendleton. October 27, 1911.

*Lowndes Calhoun,* for plaintiff.   *George Gordon,* for defendant.

POTTLE, J. The certiorari was overruled. It appears from the petition, which is verified by the magistrate's answer, that the defendant, a corporation, was sued in a justice's court, upon an open account. It filed a plea, denying indebtedness, and this plea was verified by the oath of J. P. Allen, who swore that he was authorized to file the plea and was familiar with the facts therein stated. The judgment of the magistrate was in favor of the plaintiff. The defendant entered an appeal to a jury in the justice's court. The appeal and bond were signed, "J. P. Allen & Co., per J. P. Allen, Secretary." When the case was called for trial on the appeal, a motion was made to dismiss the appeal, upon the ground that the appeal and bond had not been executed by an authorized officer of the corporation. The justice postponed decision on this motion and allowed the defendant to file at the next term of the court a written ratification of the act of J. P. Allen in entering the appeal, which ratification was duly executed by the corporation and under its seal. The motion to dismiss the appeal was overruled. The plaintiff announced ready for trial, and a jury was stricken. The attorney for plaintiff testified that she was absent in the city of New York, and he offered to prove her testimony delivered on a previous trial of the case. The court refused to permit this, and, the plaintiff offering no other evidence, the defendant was allowed to take a verdict.

1. Section 5002 of the Civil Code (1910) provides that "An appeal may be entered by the plaintiff or defendant in person, or by his attorney at law or in fact." Section 5005 provides that, "in case of corporations, the appeal may be entered by the president or any agent thereof managing the case, or by the attorney of record." Counsel for the plaintiff in error relies upon *King Hardware Co.* v. *Bowden,* 113 *Ga.* 924 (39 S. E. 404), to sustain the proposition that a secretary and treasurer of a corporation is not, by virtue of his office, clothed with authority to sign an appeal bond and enter an appeal in behalf of the corporation. It may be conceded that the decision relied on sustains the position taken by counsel, and that the appeal in the present case could not on its face be said to have been entered by an authorized agent of the defendant. A corporation can, of course, act only through an agent, and any officer duly authorized so to do by the corporation may enter an appeal in its behalf. If, therefore, a person undertakes to enter an appeal in behalf of a corporation, it should appear that he has been clothed with authority to act for the corporation and bind it by the appeal so entered. But § 5005 of the Civil Code (1910) expressly provides that any agent of the corporation managing the case may enter the appeal. We do not think it absolutely essential that the appeal itself should recite that the person acting for the corporation was the agent managing the case. The appeal is valid if it appears from the record in the case, and if the court knows as a matter of fact that the person thus undertaking to bind the corporation by the appeal is its agent managing the case. The record shows that J. P. Allen filed the plea in behalf of the corporation and made oath to the defense that he was authorized to file the plea and was familiar with the facts therein stated, and that these statements were true. It is, therefore, apparent that Allen was the corporation's agent managing the case, and, as such, he had authority to enter the appeal. This being so, no ratification of such authority was necessary, and it is immaterial whether the ratification filed in this case would have been sufficient if the agent entering the appeal had been undertaking to act as an attorney in fact, under the provisions of § 5002 of the Civil Code (1910).

2. Error is assigned upon the refusal of the justice of the peace to permit proof of the testimony of the plaintiff in a former

trial of the case. The Civil Code (1910), § 5773, provides: "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties,' may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Counsel raises the rather novel point that his client was inaccessible, within the meaning of this section of the code, so as to authorize the admission of her testimony given on a former trial, but we do not think the case comes within either the letter or the spirit of the statute. The whole purpose of the statute was to enable a party to obtain the benefit of the former testimony of an absent witness inaccessible to the court without the consent or procurement of the party. If a party should procure the absence of a witness beyond the jurisdiction of the court, or do anything to bring about such absence, he certainly would not be permitted to use the former testimony of the witness. The statute means that the witness whose testimony is sought is inaccessible both to the party desiring his testimony and to the court. Certainly it could not be said that a party could ever be inaccessible to himself. He is presumed to know when his case will be called for trial, and it is his duty to be present if he desires to offer himself as a witness or to testify by depositions in support of his claim. It has frequently been held that while secondary evidence of the contents of a writing is admissible when the writing is beyond the jurisdiction of the court, yet that where the writing is in the possession of a party to the case, it can not be said to be beyond the jurisdiction, until it has been determined, by notice to produce, that the writing is not in the power, custody, or control of such party; for where a writing is in the possession of one of the parties to the case, it can not be said to be inaccessible. *Cutter-Tower Co.* v. *Clements*, 5 *Ga. App.* 291 (63 S. E. 58). If a party to a pending case should die, evidence of his testimony on a former trial of the case would be admissible, but it can never be said that a party in life is so inaccessible, within the meaning of the statute, as to authorize proof of his testimony offered on a former trial of the case.

3. The only other point arises upon the contention that the justice should have dismissed the action or granted a nonsuit, and

that he had no right to permit a verdict to be returned in favor of the defendant. Counsel relies upon *Bateman* v. *Smith Gin Co.*, 98 *Ga.* 219 (25 S. E. 422), to support this contention. In that case the plaintiff failed to appear, and the justice permitted counsel for the defendant to impanel a jury and take a verdict in his favor. It appears in the present case that counsel for the plaintiff was present in court when the case was called, announced ready for trial, and joined with the defendant's counsel in the selection of a jury. It further appears that the plaintiff did offer evidence, because her counsel took the stand in her behalf and testified that she was absent in New York. The mere fact that he was not allowed to testify as to what the plaintiff had sworn to on a former trial is immaterial. The case was not different from any other where the plaintiff has offered evidence and failed to make out the case. The justice of the peace had no right to award a nonsuit, and had very little, if any, control over the case. The jury stood in the place of the magistrate, were judges of both the law and the facts, and, under the circumstances, the only proper disposition that could have been made of the case was by a verdict in the defendant's favor. See *Favors* v. *Johnson*, 79 *Ga.* 553 (4 S. E. 425). *Judgment affirmed.*

### ON MOTION FOR REHEARING.

POTTLE, J. Counsel for the plaintiff in error has filed a motion for rehearing, upon the ground that this court has misapprehended the scope and effect of the ruling of the Supreme Court in the case of *King Hardware Co.* v. *Bowden,* cited in the opinion. A decision of the Supreme Court is binding upon this court as a precedent only in so far as the ruling therein announced may have been authorized by the facts of the case under consideration. In the case cited, supra, it appears that the attorney for the King Hardware Company stated in his place that C. L. King, who signed the appeal bond, was the agent of the King Hardware Company, managing the case. This was the only evidence before the court that King was the company's agent managing the case, and the only question really presented to the Supreme Court for decision was whether this statement of counsel was sufficient to show that King had authority to enter the appeal in behalf of the King Hardware Company. We do not feel bound to extend the doctrine of that decision further than the facts of the case demand. It is true that in the opinion in that case it was said

that the bond should on its face disclose that it was executed by some person authorized to sign thereto the appellant's name, but, as we have shown, this statement was obiter, and we think the ruling which we have heretofore announced, to the effect that where the record itself discloses that the person who signed the appeal bond in behalf of the appellant corporation was in fact its agent managing the case, this would be sufficient to save the appeal. Moreover, the Supreme Court held directly, in *Sanders* v. *Mathewson*, 121 *Ga.* 302 (48 S. E. 946), that, to render the appeal valid, it was not necessary that the appellant should sign the appeal bond at all. In the course of the opinion Mr. Justice Lamar said that in order to show that the appellant assented to the appeal, "good practice would suggest that he or his authorized attorney should execute the bond;" and the case of *King Hardware Co.* v. *Bowden,* supra, was cited in support of this proposition. But, nevertheless, the court held that, there being no statute in this State requiring the appellant to sign the bond, his failure to do so would not work a dismissal of the appeal, if the proper security were given. As was said by the learned Justice who wrote the opinion: "Here the bond recites that the appeal was by the appellant and that she tendered the security. Inasmuch as there has already been a judgment against her, and she is bound thereby, and will likewise be bound for the eventual condemnation-money in case another judgment is recovered against her on the appeal, it is a needless thing for the appellant to sign the appeal bond. The appellee requires nothing more from him except security, and that is furnished when the surety signs the bond."

The copy bond appearing in the record of the present case does not disclose that it was signed by the surety, but inasmuch as no point is made on this by the plaintiff in error, and no motion was made to dismiss the appeal for this reason, we assume that the omission of the name of the security was a clerical error in the copy, in view of the fact that the bond recites on its face that the appellant, J. P. Allen & Company, comes and tenders a named person as security. Of course it must appear in all cases that the appellant consented to the appeal. The present record discloses that Allen filed a defense for the corporation, verifying the truth thereof by his affidavit, and that afterwards the corporation filed in the justice's court a document, under the seal of corporation,

stating that Allen did have authority to enter the appeal for the corporation, and that it ratified his act in so doing. It is true that this written ratification was not filed within the time required by § 5002 of the Civil Code (1910), but, nevertheless, it can be looked to for the purpose of showing that the corporation had in fact assented to the entering of the appeal by its officer and agent, Allen. We see no reason for changing the view expressed in the opinion originally filed in this case, and we adhere to the decision then made.                                    *Motion denied.*