# CHARLESTON.

### W. S. HUBBARD v. LANE SCHOFIELD.

Submitted September 30, 1924.  Decided October 28, 1924.

1.  TRIAL—*Where Plaintiff Introduces Stipulation of Right to Recover on Condition, Direction of Verdict for Defendant, in Absence of Contrary Evidence, Held Erroneous.*

    Where on the trial of an action before a jury the parties by counsel stipulate in writing that plaintiff is entitled to recover from defendant a certain sum of money, unless he has been guilty of duplicity, misconduct and bad faith, or unless defendant is entitled to certain off-sets, both of which grounds plaintiff denies, and the plaintiff introduces this stipulation in evidence, a prima facie case for recovery of the sum admitted is made out, and in the absence of any evidence on the defensive pleas, the court should not direct a verdict for the defendant.  (p. 454).

2.  EVIDENCE—*Absent Plaintiff Pecuniarily Unable to be Present at Subsequent Trial, Cannot Introduce Transcript of Evidence in Former Trial.*

    Where the plaintiff is living, though in another state to which he has removed, and is absent and pecuniarily unable to be present, he is not entitled, on a second or subsequent trial, to introduce in evidence the testimony given by him on a previous trial as reported and transcribed by the official reporter who took the testimony stenographically, (p. 455).

Error to Circuit Court, McDowell County.

Action by W. S. Hubbard against Lane Schofield.  Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Strother, Sale, Curd & Tucker,* for plaintiff in error.
*Bias & Chafin,* for defendant in error.

MILLER, JUDGE:

On the trial below, in an action of assumpsit, the parties were at issue before the jury on pleas of non-assumpsit and of off-sets filed by defendant. The plaintiff sued for certain commissions on sales of mine supplies, amounting to $2,000.06.  The defendant's off-sets amounted to $1,566.45

The case was here on a former writ of error, and the issues on the subsequent trials were the same as on the first. To defeat recovery by plaintiff on the first trial, defendant relied on alleged fraudulent conduct of plaintiff, to the prejudice of defendant.

On the last trial, in which the judgment now before us was pronounced, the parties stipulated as follows:

> "It is stipulated and agreed by and between counsel for the parties hereto that unless, as contended by defendant, the plaintiff has forfeited his right to all commissions by reason of duplicity, misconduct and bad faith, or unless the defendant is entitled to the off-set amounting to $1,318.41, claimed by him in his plea of off-sets, in whole or in part, then and in that event, the plaintiff is entitled to recover of and from the defendant the sum of $903.15; but the defendant denies the right of plaintiff to any recovery, because of the alleged duplicity, misconduct and bad faith, and even though the jury may decide that the plaintiff has not forfeited his right to the $903.15 because of the alleged duplicity, misconduct and bad faith, the defendant then claims that the defendant is entitled to the difference between the said sum of $903.15 and the total amount claimed as off-set by the defendant, $1,318.41, or the sum of $415.26.
>
> "The plaintiff, W. S. Hubbard, denies that the defendant is entitled to the $1,318.41, or any part thereof, and denies further that he has been 'guilty of any bad faith, duplicity or misconduct, which would subject him to any pains or penalties whatever, or the recovery of any amount whatever against him.''

This stipulation was admitted in evidence and read to the jury; after which plaintiff's counsel, in his absence, offered to read to the jury the testimony given by him before the court and jury in the case on the previous trial, showing as a reason therefor the absence of plaintiff, his residence in Chicago, Illinois, and his alleged financial inability, as shown by his affidavit, to attend the trial in person; which proposal, on objection of defendant's counsel, was denied;

and thereupon, on motion of defendant's counsel, the court directed the jury to return a verdict for defendant, which the jury did; and upon this verdict the judgment of *nil capiat* complained of was pronounced.

It is very apparent that the trial court was in error in so directing a verdict in favor of defendant, even if the testimony of the plaintiff given on the former trial was rightly rejected. The stipulation between the parties introduced in evidence, itself made a prima facie case for plaintiff. The defendant agreed therein that he was indebted to plaintiff in the sum of $903.15, and that plaintiff was entitled to recover that sum, unless because of his alleged duplicity, misconduct or bad faith, denied by plaintiff, or the defendant was also entitled to set off against the plaintiff's claim his bill of off-sets. On these defensive matters, the defendant offered not a particle of evidence; and the duty did not rest on plaintiff to negative the issues presented by defendant's pleas. As the case was presented to the jury, therefore, solely on the stipulation of counsel, the plaintiff was entitled to a verdict and judgment. The judgment, therefore, must be reversed on this ground.

The other point, relating to the rejection of plaintiff's evidence given on the former trial, is also relied on for reversal. This question may be again presented on the new trial to be awarded. Did the court err in its ruling thereon? After one of plaintiff's counsel had been sworn and had read to the court a telegram received from plaintiff, he also offered in evidence plaintiff's affidavit taken in Chicago, to the effect that he was financially unable to pay fees and costs of counsel in the suit, and requested that the suit be not dismissed by reason thereof. The court reporter was then sworn and proved the correctness of the transcript of plaintiff's testimony given on the former trial, which was offered in evidence, but rejected as already stated. This evidence, brought here by bill of exceptions, shows its materiality on some of the issues presented by the pleadings; but in view of the stipulation by counsel, this evidence was unnecessary to make out the plaintiff's case. In the absence of any evidence on the pleas of defendant, the plaintiff was

not prejudiced by the rejection of his former testimony. But, assuming that defendant had offered evidence on his pleas, was the ruling of the court then erroneous? We think not. We have decided in at least two cases, in harmony with decisions in Virginia and other cases referred to therein, that the evidence of a witness in a civil case on a former trial, who has since died, may be proved on a subsequent trial of the same case. *Carrico* v. *W. Va. Cent. & Pgh. Ry. Co.*, 39 W. Va. 86; *Patterson* v. *New River & Pocahontas Cons. Coal Co.*, 87 W. Va. 177. And in the recent case of *State* v. *Sauls*, 97 W. Va. 184, we decided in consonance with the rule in civil cases, that where a witness who has testified for defendant in a criminal case has disappeared through no fault of the defendant and after diligent search could not be found to give his testimony on a subsequent trial of the same charge, the evidence given by him on the former trial is admissible. In the Sauls case Judge Meredith reviews the authorities on this subject at some length, rendering it unnecessary for us to again go over them here. In this case the plaintiff himself is the witness whose evidence he sought to introduce to prove his own case. He was living, and his only excuse for his absence was his pecuniary inability to travel from his home in Chicago, Illinois, to the place of trial in this state. But it was feasible for him to have taken his deposition in Chicago. We have found no case or any authority for the proposition that a party to a suit still living may, in his absence from the trial, introduce the testimony given by him on a former trial of the same case. If living he should be present or take his deposition on notice to the other party as provided by statute. It may be said that there is no very potential reason why testimony given on a former trial should not be so read as well as the deposition of a witness. The answer is, that such is not the well established rule of evidence, and as on the second trial new issues may be presented and other questions arise, making it desirable, if not necessary, for the party against whom it is offered to have the witness present to be examined and cross-examined on the questions presented.

Our conclusion is to reverse the judgment and award the plaintiff a new trial.

                              *Reversed and remanded.*