Argued November 9, 1973, affirmed February 14, petition for rehearing denied March 19, 1974

ROGERS ET UX, *Appellants, v.* DONOVAN ET UX, *Respondents.*

518 P2d 1306

*Reuben Lenske,* Portland, argued the cause and filed a brief for appellants.

*Darrell E. Bewley,* Portland, argued the cause for respondents. With him on the brief was Francis F. Yunker, Portland.

HOLMAN, J.

Plaintiffs brought an action for damages, claiming defendants had interfered with their prescriptive right to the use of a ten-foot strip of defendants' premises for ingress and egress to the rear of plaintiffs' property. There was a prior trial in which defendants were successful, but upon appeal the result was reversed and the case was remanded for a new trial. 261 Or 124, 492 P2d 768 (1972). Upon retrial, defendants were again successful and plaintiffs again appeal.

The only issue is whether the trial court erred in refusing to admit in evidence, at the request of plaintiffs, a transcript of the testimony in the first trial of one of the plaintiffs, Mrs. Rogers. The only record upon which to base the admission of the transcript was the

following testimony of the other plaintiff, the witness's husband, Mr. Rogers:

"Q    And with whom do you live there?

"A    With my wife, Lola Rogers.

"Q    Where is she at the present time?

"A    She is down at Redondo Beach, California, with her daughter.

"Q    What is her purpose in being there at the present time?

"A    Well, she has arthritis and rheumatism, and can hardly get around, so her daughter wants to take care of her for several months."

■ Plaintiffs contend the transcript was admissible under ORS 41.900 (8), which provides as follows:

"Evidence may be given of the following facts:

"* * * * *

"(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter.

"* * * * * *"

Mrs. Rogers was shown to have been out of the state and she was a witness in the former proceeding between the same parties relating to the same matter. Therefore, her former testimony, literally, complies with the requirements of the statute for admission. However, the statute in question has been held to be declaratory of the common law.[①] That being the case, the statute is not the exclusive authority, because as McCormick says:

"* * * [W]hen the common law imposes a restriction not mentioned in the statute, the restriction

---

[①] *See* State v. Rawls, 252 Or 556, 559-60, 451 P2d 127 (1969); McCormick on Evidence 615, § 254 (2d ed 1972).

has been said to govern, unless the circumstances show a legislative intention to abrogate it."[2]

■ The common law which is codified in the statute is the reported testimony exception to the hearsay rule.[3] The exception allowing such testimony is designed to secure relevant and material evidence which is demonstrably trustworthy because it was given under oath and subject to cross-examination and which would otherwise be lost due to the death or unavailability of the witness. However, the witness must not be beyond the process of the court by the procurement or instigation of the offering party.[4] The reason for requiring as a prerequisite unavailability and an unprocured absence is that the witness's presence may be desirable for questioning concerning new issues, new information, or new ideas which have arisen or have come to mind since the prior trial,[5] and also that the jury may be furnished an opportunity to observe the witness's demeanor. A party should not be able voluntarily to escape examination or observation and to receive the benefit of his former testimony.

■■ While a witness may be beyond the jurisdiction of the court, a party never is insofar as trial and disposition of the case are concerned. Nevertheless, a party may have a valid reason for being out of the state and in not being present at trial and may have a real necessity for using his prior testimony which outweighs the possible disadvantages to the other party resulting from his opponent's absence. If there is not a

[2] McCormick, *supra* note 1.

[3] McCormick, *supra* note 1, at 614.

[4] 5 Wigmore on Evidence 158, § 1405 (3d ed 1940); McCormick on Evidence 608-09, § 253 (2d ed 1972); Crumm v. J. P. Allen & Co., 11 Ga App 203, 75 SE 108, 109 (1912).

[5] Hubbard v. Schofield, 97 W Va 453, 125 SE 221, 223 (1924).

valid reason for a party's absence, the party, in effect, has procured his own absence. While it is not clear whether a party who seeks to use the former testimony of a witness must first make a showing that the witness is not outside the state or otherwise unavailable by his procurement, or whether the other party has the burden of showing the witness's absence or unavailability was procured, in the case of a witness who is a party, he should not be permitted to absent himself from trial and to use his prior testimony without first making a showing of reasonable necessity for his absence.

In *Goodman v. Wineland and Wife,* 61 Md 449, 455-56 (1883), in discussing why the trial judge had been wrong in allowing a plaintiff who was out of state to have his testimony presented by deposition because he literally came within a statute relating to witnesses, the court said:

"* * * while suitors are competent as witnesses, they do not lose their relation to the case as parties, and their capacity as witnesses must be exercised subject to such abridgment or modification as springs from their twofold character. * * * As a general principle, in contemplation of law the plaintiff is within the jurisdiction of the Court wherein he sues, and actually present in person or by attorney in the conduct of the cause; and to permit him to prosecute his suit, and yet have himself dealt with as one outside the jurisdiction and beyond the process of the Court he is employing to recover a judgment, is an anomaly inconsistent with a sound construction of the rights of suitors. But while this is so, to take the position that in no case can the plaintiff's testimony be taken by commission would frequently work a denial of justice. In case of extreme old age, chronic infirmity or other permanent disability, where his personal attendance in Court would be impossible, although his right to bring his

suit could not be questioned, unless the plaintiff were allowed to testify at his place of residence, he might be deprived of his only means of establishing his demand, and thus be left without remedy against a possibly dishonest defendant."

This language is likewise applicable to the situation in this case.

■ In the present case, a showing of necessity has not been made. We have no way of knowing how necessary it was for Mrs. Rogers to be in California for care by her daughter at the time of trial. She may have left the day before trial though she may have been able to remain for it, or she may have been gone for months and not been able to return. The defendants contend she left the week before trial, but the record is devoid of anything that shows when she left.

In the actual cases litigated the common law rule of admissibility of reported testimony has had a varied reception when the witness whose testimony is sought to be introduced is a party litigant. Some cases hold that a party has control of his own presence and must return to the court.[6] Some have held that the reported testimony of a party should be treated as that of any other witness, and if the statutory provisions are complied with, it should be admitted.[7] Some have adopted what we hold to be the best view: that a party must show a valid and substantial reason why he cannot attend trial.[8] The cases cited for each of these solutions

[6] Hubbard v. Schofield, 97 W Va 453, 125 SE 221, 222-23 (1924); Crumm v. J. P. Allen & Co., 11 Ga App 203, 75 SE 108, 109 (1912).

[7] Hiltibrand v. Brown, 124 Colo 52, 234 P2d 618, 619 (1951); Aircraft Radio Industries, Inc. v. M. V. Palmer, Inc., 45 Wash 2d 737, 277 P2d 737, 740-41 (1954); Jeffords v. Albemarle Waterworks, 157 NC 10, 72 SE 624 (1911).

[8] Laurel Printing & Publishing Co. v. James, 29 Del 185, 97 A 601, 603 (Super Ct 1916); Goodman v. Wineland and Wife, 61 Md 449, 455-56 (1883).

contain cases in which the reported testimony was a deposition instead of a transcript of testimony from a prior trial. Wigmore states there is no valid distinction between the use of depositions and former testimony as to the conditions under which either may be used at trial,[9] and we perceive none. In Oregon the admissibility of a deposition of an absent witness is by statute subject to the requirement that the party seeking admission of the deposition not have procured the absence of the deposed witness.[10]

The judgment of the trial court is affirmed.

TONGUE, J., specially concurring.

I concur with the result reached by the majority, but not with its reasoning. It is a "familiar rule of statutory construction" that "[c]ommon law terms used in statutes are presumed to have been used in their common law sense."[1] It does not necessarily follow, however, as suggested by the majority, that whenever the legislature adopts a statute on a matter which is the subject of a common law rule, this court can first declare that the legislature intended to adopt the common law rule and then "read into" the statute "a restriction not mentioned in the statute" and which may or may not have been intended by the legislature. Neither is it necessary, in my opinion, to rest our decision in this case upon the theory that testimony given by a party at a former trial is not admissible under ORS 41.900 (8) unless it is shown that such testi-

---

[9] 5 Wigmore on Evidence 146, § 1401 (3d ed 1940).

[10] ORS 45.250 (2) (b).

[1] State v. Tauscher, 227 Or 1, 10, 360 P2d 764, 88 ALR2d 674 (1961).

mony is not unavailable because of "procurement or instigation of the offering party."

In my view, the proper basis for our decision in this case is as follows:

The only issue raised by the appellant's assignment of error is whether the trial court erred in refusing to admit in evidence a transcript of the testimony given in the first trial by one of the plaintiffs, Mrs. Rogers. Her prior testimony was offered by plaintiffs under the exception to the hearsay rule provided by ORS 41.900 (8). It appears that at the time of the trial of this case Mrs. Rogers was in California with her daughter. Mr. Rogers testified that "she has arthritis and rheumatism, and can hardly get around, so her daughter wants to take care of her for several months."

Plaintiffs contend that on this showing the transcript of her previous testimony was admissible under ORS 41.900 (8), which provides that:

"Evidence may be given of the following facts:
"* * * * * *

"(8) The testimony of a *witness,* deceased or *out of the state,* or unable to testify, given in a former action * * * between *the same parties,* relating to the same matter." (Emphasis added)

Ordinarily, one who offers evidence under the "former testimony" exception to the hearsay rule has the burden to establish that the person who gave such testimony is "unavailable" within the meaning of that exception. 5 Wigmore on Evidence (3d ed 1940) 189, § 1414 (1).

The question to be decided in this case, however, is the more fundamental question whether the legislature, in using the word "witness" in ORS 41.900 (8),

intended to extend the application of this statute to the *parties* to a case who also testified at a former trial or whether the legislature intended to limit the application of the statute to the testimony of "witnesses," as distinct from "parties."

In order to properly decide this question it is necessary to consider the reason for this exception to the general rule excluding hearsay evidence. In *State ex rel Gladden v. Lonergan,* 201 Or 163, 182, 269 P2d 491 (1954), we said that:

> "* * * [T]he use of depositions and former testimony is conditioned upon the *necessity* for such use. The rule of admissibility and the conditions thereof are stated by Professor Wigmore in 5 Wigmore, Evidence 3d ed 148, § 1402, as follows:
>
> > " 'The general principle upon which depositions and former testimony should be resorted to is the simple principle of *necessity,*—i.e., the absence of any other means of utilizing the witness' knowledge. * * * The only inquiry, then, need be: Is her testimony in court unavailable?' "

And, at 183 (after quoting what is now ORS 41.900(8)):

> "These statutes are also in harmony with the rules announced by Professor Wigmore, supra. Admissibility depends upon *necessity*; that is upon the unavailability of the *witness.*" (Emphasis added)

To the same effect, see *State v. Walton,* 53 Or 557, 563-65, 99 P 431, 101 P 389 (1909), and *Re Rights to Waters of Silvies River,* 115 Or 27, 64, 237 P 322 (1925).

The only reason for the admission of testimony given at a former trial by a *witness* who is "out of the state" at a subsequent trial is that there is a *necessity* for the admission of such testimony because such a witness is *unavailable* in the sense that the party desiring his testimony cannot subpoena the witness for

appearance on the subsequent trial. Thus, as held by this court in *Hansen-Rynning v. Oregon-Wash. Etc. Co.*, 105 Or 67, 75, 209 P 462 (1933), in discussing what is now ORS 41.900 (8):

> "It is evident from the language of the statute that in order to promote justice, the legislature intended to provide a means whereby the benefit of the testimony of a *witness* given upon a former trial in the same cause, and between the same parties, should not be lost in cases where otherwise such testimony could not be had, viz., where the witness had died, and therefore his testimony could not be had, or *where the witness was out of the state, and therefore beyond the power of the court to compel his attendance upon the trial as a witness,* or where a witness was within the state, and therefore his attendance upon the trial could be obtained by subpoena, but on account of his physical or mental disability, was unable to testify, and that in all other cases the testimony of the witness should be given upon the trial, or his deposition be obtained. * * *" (Emphasis added)

See also *State v. Walton, supra* at 565, to the same effect.

It is thus obvious that the reason for permitting a party to offer the testimony given at a former trial by one who is outside the state, and thus beyond the power of the court to compel his attendance upon the trial *as a witness,* has no application where the testimony offered is that of a *party.* This is because all parties are already subject to the jurisdiction of the court by the time of trial.

For these reasons, we should hold that when the legislature, in enacting ORS 41.900 (8), used the word "witness," it intended by the use of that term to limit this exception to testimony given at former trials by

persons who are unavailable to testify as *witnesses* at the subsequent trial and that the legislature did not intend to extend that exception to testimony given at former trials by persons who are *parties* at the subsequent trial.

Plaintiff has not called our attention to any cases holding to the contrary and we have found no Oregon cases to the contrary. Some courts in other states, however, have discussed this problem. It is true that *Goodman v. Wineland and Wife,* 61 Md 449, 455-56 (1883), and *Laurel Printing & Publishing Co. v. James,* 29 Del 185, 97 A 601, 603 (Super Ct 1916), appear to support the view taken by the majority on this subject. Some other courts, however, appear to support the interpretation of such statutes as set forth in this opinion. Thus, in *Crumm v. J. P. Allen & Co.,* 11 Ga App 203, 75 SE 108, 109 (1912), the court held that:

"* * * The whole purpose of the statute was to enable a party to obtain the benefit of the testimony on a former trial of an absent *witness,* inaccessible to the court, without the consent or procurement of the party. * * * The statute means that the *witness* whose testimony is sought is inaccessible, both to the party desiring his testimony and to the court. Certainly *it could not be said that a party could ever be inaccessible to himself.* He is presumed to know when his case will be called for trial; and it is his duty to be present if he desires to offer himself as a witness, or to testify by depositions in support of his claim." (Emphasis added)

To this same effect, it was held in *Hubbard v. Schofield,* 97 W Va 453, 125 SE 221, 223 (1924), that:

"We have found no case or any authority for the proposition that a *party* to a suit still living may in his absence from the trial, introduce the testimony given by him on a former trial of the same case. *If*

*living he should be present or take his deposition on notice to the other party as provided by statute.* It may be said that there is no very potential reason why testimony given on a former trial should not be read as well as the deposition of the witness. The answer is, that such is not the well established rule of evidence, and as on the second trial new issues may be presented and other questions arise, making it desirable, if not necessary, for the party against whom it is offered to have the witness present to be examined and cross-examined on the questions presented." (Emphasis added)

This result is also consistent with the view of modern authorities that the "former testimony" exception to the hearsay rule should extend only to testimony that is unavailable. See McCormick on Evidence (2d ed 1972) 608-09, 617, §§ 253, 255; 2 Jones on Evidence (6th ed 1972) 231, 235, §§ 9.23, 9.24; Uniform Rules of Evidence, Rule 63 (3) (b); Model Code of Evidence, Rule 511; Federal Rules of Evidence, Rule 804 (a), (b) (1).

This does not mean, of course, that testimony given on former trials by persons who are parties at a subsequent trial cannot be offered under some other exception to the hearsay rule or for the purpose of impeachment or under some other statute, provided, of course, that the requirements of such a rule or statute are satisfied.[2] No such contention, however, has been

---

[2] For example, testimony given at a former trial and transcribed by an official court reporter has been considered to be substantially the same as a deposition. Beard v. Royal Neighbors of America, 60 Or 41, 44-45, 118 P 171 (1911); Obermeier v. Mortgage Co. Holland-America, 111 Or 14, 22-23, 224 P 1089 (1924); 5 Wigmore on Evidence (3d ed 1940) 146, § 140. One who offers a deposition for use on trial, however, has the burden to make a showing sufficient to satisfy the requirements of ORS 45.250. ORS 45.250 (2) (e) makes provision for "exceptional circumstances * * * in

made by the plaintiff in this case. Instead, plaintiff has chosen to rely solely on the provision of ORS 41.900 (8).

For these reasons, and upon these grounds, I would hold that the trial court did not err in sustaining defendants' objection to the testimony of Mrs. Rogers, one of the plaintiffs, given at a former trial of this case, when offered as testimony in this case under ORS 41.900 (8).

McAllister, J., joins in this specially concurring opinion.

---

the interests of justice." This could well include a showing of a "valid and substantial reason" why a party cannot attend a trial. In such an event, however, considerable discretion is vested in the trial judge in determining the sufficiency of the showing. State v. McDonald, 55 Or 419, 434-35, 103 P 512, 104 P 967, 106 P 444 (1909).