STATE OF WEST VIRGINIA

*v.*

LARRY ALLEN GOFF

(No. 14800)

Decided March 26, 1982.

*Leo Catsonis* for Goff.

*Chauncey H. Browning,* Attorney General, and *Michael G. Clagett,* Assistant Attorney General, for the State.

PER CURIAM:

The appellant, Larry Allen Goff, was convicted in the Circuit Court of Kanawha County of delivery of marijuana in violation of *W. Va. Code,* 60A-4-401(a). The appellant contends here that the trial court's failure to permit the former testimony of a missing material witness to be admitted into evidence upon retrial constitutes reversible error. We agree.

The appellant was indicted in September, 1977, for delivery of marijuana. His first trial, on June 14, 1978,

resulted in a mistrial because the jury could not reach a verdict. A retrial was scheduled for August 22, 1978, but was continued until September 19, 1978, on the defendant's motion because a material witness who had testified at the first trial could not be located. The State stipulated at this time that the missing witness was material to appellant's defense. When the matter came to trial on September 19, 1978, the appellant again moved for a continuance because of his continuing inability to locate this witness. The trial court denied the motion and the appellant then moved that testimony given by the missing witness at the first trial be read into the record. The court also refused this motion and proceeded to trial.

The rule in West Virginia is that sworn testimony taken from a former trial or proceeding is admissible if there is (1) an inability to obtain the testimony of the witness, (2) an opportunity to cross-examine the witness in the former proceeding, and (3) a substantial identity of the parties and the issues. *State v. R.H.*, ___ W.Va. ___, 273 S.E.2d 578 (1980). *See: State v. Dawson*, 129 W.Va. 279, 40 S.E.2d 306 (1946); *Hubbard v. Schofield*, 97 W.Va. 453, 125 S.E. 221 (1924); *Carrico v. West Va. Cent. & P. Ry. Co.*, 39 W.Va. 86, 19 S.E. 571 (1894).

More specifically, this Court has held, in Syllabus Point 4 of *State v. Sauls*, 97 W.Va. 184, 124 S.E. 670 (1924), that:

> "Where defendant has been once tried upon a criminal charge, and subsequent to such trial a witness who testified in defendant's behalf disappears through no fault of defendant, and, although diligently sought by defendant, cannot be found so as to testify at a later trial of defendant upon the same charge, the testimony of such witness given at the former trial is properly admissible."

This case clearly falls within the ambit of our rule permitting sworn testimony taken at an earlier trial or proceeding to be admitted at a subsequent trial or proceeding. There was a complete identity of parties and issues. The record demonstrates the missing witness testified at an earlier trial on this matter at which he

would have been subject to cross-examination. It also indicates that the appellant, although unsuccessful, was diligent in his efforts to secure the attendance of the missing witness. Furthermore, the State's stipulation that the missing witness was material to the appellant's defense must be given weight. It negates any argument that this testimony is unimportant. The importance of this testimony is perhaps underscored by the fact that the jury was unable to reach a verdict when this testimony was given at the first trial, but convicted him when it was excluded at the retrial.

In light of the State's stipulation of the materiality of this witness' testimony and since the sworn testimony is admissible under the settled law of this State, we conclude that the trial court erred in refusing to allow this testimony to be read into evidence.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed and a new trial is awarded.

*Reversed.*